LYNN HUBBARD, III, SBN 69773
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff

FILED

2013 JAN 23 AM 8:48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MARTIN VOGEL,

    Plaintiff,

    vs.

COCO'S RESTAURANTS, INC. dba
COCO'S #0126; SANG HYON
RHO, TRUSTEE of the RHO
FAMILY TRUST DATED MARCH
13, 2006; BYONG SUK RHO,
TRUSTEE of the RHO FAMILY
TRUST DATED MARCH 13, 2006;
SHIN IL YOO; EUN MI YOO,

    Defendants.

No. CV13-0459 DMG-VBKx

**Plaintiff's Complaint**

*Vogel v. Coco's Restaurants, Inc., et al.*
Plaintiff's Complaint

## I. SUMMARY

1.    This is a civil rights action by plaintiff Martin Vogel ("Vogel") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Coco's #0126
11510 East South Street
Cerritos, CA 90701
(hereinafter referred to as "the Restaurant")

2.    Vogel seeks damages, injunctive and declaratory relief, attorney fees and costs pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes against: Coco's Restaurants, Inc. dba Coco's #0126; Sang Hyon Rho, Trustee of the Rho Family Trust dated March 13, 2006; Byong Suk Rho, Trustee of the Rho Family Trust dated March 13, 2006; Shin Il Yoo; and, Eun Mi Yoo (hereinafter collectively referred to as "Coco's").

## II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    Vogel's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7.     Coco's owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, and/or corporation.

8.     Vogel is a T-3 paraplegic as a result of a motorcycle accident in 1986 which left him unable to walk or stand and requiring the use of a wheelchair when traveling about in public. Consequently, Vogel is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.     The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.     Vogel visited the Restaurant and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Vogel, the barriers at the Restaurant included, but are not limited to, the following:

- The access aisle has slopes and/or cross slopes that exceed 2.0%. Without a level access aisle, it becomes difficult for Vogel to unload/transfer from his vehicle as his wheelchair rolls;
- The water closet stall door is not self-closing, thus making it difficult for Vogel to pull the door shut;
- There is no handle mounted below the water closet stall door lock, thus making it difficult for Vogel to pull the door shut;
- There is insufficient clear floor space at the water closet, thus making it difficult for Vogel to transfer from his wheelchair;

- The pipes beneath the lavatory are not wrapped, thus causing Vogel to risk burning his legs when washing his hands; and,
- There is insufficient strike side clearance when exiting the restroom, thus making it difficult for Vogel to pull the door open.

These barriers prevented Vogel from enjoying full and equal access.

11.    Vogel was also deterred from visiting the Restaurant because he knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12.    Vogel also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Vogel is seeking to remove barriers unrelated to his disability.

13.    Coco's knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Coco's has the financial resources to remove these barriers from Coco's (without much difficulty or expense), and make the Restaurant accessible to the physically disabled.  To date, however, Coco's refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.    At all relevant times, Coco's has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  Coco's has not removed such impediments and has not modified the Restaurant to conform to accessibility standards.

*Vogel v. Coco's Restaurants, Inc., et al.*
Plaintiff's Complaint

# VI. FIRST CLAIM

## Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

15.    Vogel incorporates the allegations contained in paragraphs 1 through 15 for this claim.

16.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

17.    Coco's discriminated against Vogel by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

18.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).    The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

19.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

20.    Here, Vogel alleges that Coco's can easily remove the architectural barriers at Restaurant without much difficulty or expense, and that Coco's

violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

21.   In the alternative, if it was not "readily achievable" for Coco's to remove the Restaurant's barriers, then Coco's violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

22.   On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

23.   The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

24.   Here, Coco's violated the ADA by designing or constructing (or both) the Restaurant in a manner that was not readily accessible to the physically disabled public—including Vogel—when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

25.   On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

26.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the

---

[1]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Vogel v. Coco's Restaurants, Inc., et al.*
Plaintiff's Complaint

1  paths of travel, bathrooms, telephones, and drinking fountains serving that area

2  accessible to the maximum extent feasible. Id.

3      27.   Here, Coco's altered the Restaurant in a manner that violated the

4  ADA and was not readily accessible to the physically disabled public—including

5  Vogel—to the maximum extent feasible.

6  Failure to Modify Existing Policies and Procedures

7      28.   The ADA also requires reasonable modifications in policies,

8  practices, or procedures, when necessary to afford such goods, services, facilities,

9  or accommodations to individuals with disabilities, unless the entity can

10  demonstrate that making such modifications would fundamentally alter their

11  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

12      29.   Here, Coco's violated the ADA by failing to make reasonable

13  modifications in policies, practices, or procedures at the Restaurant, when these

14  modifications were necessary to afford (and would not fundamentally alter the

15  nature of) these goods, services, facilities, or accommodations.

16      30.   Vogel seeks all relief available under the ADA (*i.e.*, injunctive

17  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42

18  U.S.C. § 12205.

19      31.   Vogel also seeks a finding from this Court (*i.e.,* declaratory relief)

20  that Coco's violated the ADA in order to pursue damages under California's

21  Unruh Civil Rights Act or Disabled Persons Act.

22  VII. SECOND CLAIM

23  **Disabled Persons Act**

24      32.   Vogel incorporates the allegations contained in paragraphs 1 through

25  30 for this claim.

26      33.   California Civil Code § 54 states, in part, that: Individuals with

27  disabilities have the same right as the general public to the full and free use of the

28

*Vogel v. Coco's Restaurants, Inc., et al.*
Plaintiff's Complaint

1  streets, sidewalks, walkways, public buildings and facilities, and other public
2  places.

3      34.   California Civil Code § 54.1 also states, in part, that: Individuals
4  with disabilities shall be entitled to full and equal access to accommodations,
5  facilities, telephone facilities, places of public accommodation, and other places
6  to which the general public is invited.

7      35.   Both sections specifically incorporate (by reference) an individual's
8  rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

9      36.   Here, Coco's discriminated against the physically disabled public—
10 including Vogel—by denying them full and equal access to the Restaurant.
11 Coco's also violated Vogel's rights under the ADA, and, therefore, infringed
12 upon or violated (or both) Vogel's rights under the Disabled Persons Act.

13     37.   For each offense of the Disabled Persons Act, Vogel seeks actual
14 damages (both general and special damages), statutory minimum damages of one
15 thousand dollars ($1,000), declaratory relief, and any other remedy available
16 under California Civil Code § 54.3.

17     38.   He also seeks to enjoin Coco's from violating the Disabled Persons
18 Act (and ADA) under California Civil Code § 55, and to recover reasonable
19 attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

20                            VIII. THIRD CLAIM

21                          **Unruh Civil Rights Act**

22     39.   Vogel incorporates the allegations contained in paragraphs 1 through
23 30 for this claim.

24     40.   California Civil Code § 51 states, in part, that: All persons within the
25 jurisdiction of this state are entitled to the full and equal accommodations,
26 advantages, facilities, privileges, or services in all business establishments of
27 every kind whatsoever.

28

*Vogel v. Coco's Restaurants, Inc., et al.*
Plaintiff's Complaint

41.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

42.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

43.    Cocos' aforementioned acts and omissions denied the physically disabled public—including Vogel—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

44.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Vogel by violating the Unruh Act.

45.    Vogel was damaged by Cocos' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

46.    Vogel also seeks to enjoin Coco's from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

47.    Vogel incorporates the allegations contained in paragraphs 1 through 13 for this claim.

48.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

49.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

*Vogel v. Coco's Restaurants, Inc., et al.*
Plaintiff's Complaint

50.    Vogel alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

51.    Cocos' non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Vogel and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Vogel prays judgment against Coco's for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Coco's violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[2]

5.    Interest at the legal rate from the date of the filing of this action.


DATED: January 16, 2013          DISABLED ADVOCACY GROUP, APLC



LYNN HUBBARD, III
Attorney for Plaintiff

---

[2]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Vogel v. Coco's Restaurants, Inc., et al.*
Plaintiff's Complaint

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV13- 459 DMG (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Lynn Hubbard III, SBN 69773
DISABLED ADVOCACY GROUP, APLC
12 Williamsburg Lane
Chico, CA  95926
(530) 895-3252
(530) 894-8244 fax

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MARTIN VOGEL, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV13-0459 DMG-VBKx |
| SEE ATTACHED, | |
| DEFENDANT(S). | SUMMONS |

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _LYNN HUBBARD, III_____, whose address is _Disabled Advocacy Group, APLC  12 Williamsburg Lane, Chico, CA  95926_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JAN 2 3 2013__

By: ____SHEA BOURGEOIS_____
Deputy Clerk

(Seal of the Court)

1184

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

DEFENDANT LIST

1.  COCO'S RESTAURANTS, INC. dba COCO'S #0126;
2.  SANG HYON RHO, TRUSTEE of the RHO FAMILY TRUST DATED MARCH 13, 2006;
3.  BYONG SUK RHO, TRUSTEE of the RHO FAMILY TRUST DATED MARCH 13, 2006;
4.  SHIN IL YOO;
5.  EUN MI YOO